IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELEANOR WRIGHT LLOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1513-P-BN |
| | § | |
| MONARCH-GJ-INVESTMENT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Eleanor Wright Lloyd has filed a civil complaint alleging wrongdoing against the owner of her Dallas, Texas apartment. *See* Dkt. No. 3. For the reasons stated herein, the complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**Background**

On April 18, 2013, Plaintiff filed a complaint seeking unspecified damages because she was misled to believe that she could move into a two-bedroom apartment after 30 days of residency and because the electricity to her apartment was turned off. *See* Dkt. No. 3 at 1. She also sought leave to proceed *in forma pauperis*. *See* Dkt. No. 4. The Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 5. On April 23, 2013, the Court sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 7. Plaintiff was warned that the failure to answer the interrogatories

within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.* at 1-2.

Plaintiff did not respond to the Court's interrogatories. On May 28, 2013, the Court re-sent the questionnaire and ordered Plaintiff to respond by June 17, 2013. *See* Dkt. No. 8. Once again, Plaintiff was admonished that "failure to comply with this Order may result in imposition of sanctions, including dismissal of the action for want of prosecution." *Id.* at 1. On June 3, 2013, the Court's order and questionnaire were returned, unopened, with the notation "Return to Send, No Such Number, Unable to Forward." Dkt. No. 9. Court personnel then attempted to reach Plaintiff by calling the telephone number that she had provided when the case was opened. She did not answer the phone, and her voice mail is not configured.

Plaintiff has not provided an updated address, and she has failed to respond to the Court's questionnaire. The undersigned now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Legal standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court

order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

The Court sent written interrogatories to Plaintiff over two months ago. Plaintiff has not answered the interrogatories despite repeated warnings that her failure to do so would result in the dismissal of the case. The Court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the Defendants. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested. Dismissal is warranted under these circumstances. *See Wiggins v. Management and Training Corp.,* No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted,* 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009).

In addition, Plaintiff has failed to provide an updated address. Without this information, the Court cannot communicate with Plaintiff, and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Chieves v. Greyhound Bus Station,* No. 3:08-cv-2294-L, 2009 WL 464237, at *2 (N.D. Tex. Feb. 24, 2009) (dismissing *pro se* complaint for failure to provide Court with current address); *Washington v. Dallas County,* No. 3:08-cv-1355-B, 2008 WL 4791870, at *1 (N.D. Tex. Oct. 30, 2008) (same).

**Recommendation**

The Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 1, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE